UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BETH AND DONALD NELOWET | * | CIVIL ACTION |
| VERSUS | * | NO. 04-3289 |
| MARRIOTT INTERNATIONAL, INC., ET AL. | * | SECTION "L"(1) |

### ORDER AND REASONS

Pending before the Court are two motions from the parties in this case. First, Defendant has filed a Motion to Dismiss for Refusal to Respond to Discovery as Ordered By the Court. Counsel have indicated that the issue present in this motion has been resolved; thus, the motion is hereby DENIED AS MOOT. Second, Plaintiffs have filed a Motion to Remand this case to Louisiana state court. This motion came before the Court for hearing on December 14, 2005. For the following reasons, Plaintiffs' Motion to Remand is hereby GRANTED.

### I. Factual and Procedural Background

This case arises out of injuries sustained by Plaintiff Beth Nelowet on November 23, 2003 while she was attending a bridge tournament at the Marriott Hotel in downtown New Orleans. Ms. Nelowet alleges that she slipped and fell on a wet floor in one of the Marriott's public restrooms. Plaintiffs allege that one of Marriott's janitorial staff was present and was responsible for the sloppy conditions. Plaintiffs further allege that Ms. Nelowet suffered serious personal injuries, and have also alleged a loss of consortium claim on behalf of Mr. Nelowet. There is no claim for lost wages.

Plaintiffs filed the instant suit on November 15, 2004, and Defendants removed the case on December 2, 2004. Defendants premised removal upon this Court's diversity jurisdiction

pursuant to 28 U.S.C. 1332, because the Nelowets are Colorado citizens, and Marriott is a Delaware corporation with its principal place of business in Maryland. Subsequently, on November 29, 2005, Plaintiffs filed a stipulation into the record of this proceeding that states as follows:

> we as the plaintiffs stipulate that the amount in dispute does not exceed $75,000.00 and that no more than this amount will be accepted from the defendant regardless of the order of the District Court any judgment following therefrom except to the extent the same represents interest, costs and/or attorneys fees.

The stipulation is signed by both Plaintiffs as well as Plaintiffs' counsel. Due to this stipulation, the Court's diversity jurisdiction is the subject of the present motion.

## II. Plaintiffs' Motion to Remand

Federal courts are courts of limited jurisdiction. *Chadwick v. Shell Oil Co.*, 828 F.Supp. 26, 27 (E.D. La. 1993). Absent another basis for federal jurisdiction, a case may be removed to federal court when the amount in controversy exceeds $75,000, and the parties are citizens of different states. 28 U.S.C. § 1332(a).

The Fifth Circuit has established an analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir 1999). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, La. Code Civ. P. art. 893, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. *Id.*

The jurisdictional facts that support removal must be judged at the time of the removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. *Id.* Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *Id.*

Thus, the district court must first determine whether it is facially apparent from the petition that the amount in controversy exceeds $75,000. If the amount in controversy is not facially apparent from the petition, the district court may accept summary-judgment-type evidence to demonstrate the amount in controversy. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

In this matter, the amount in controversy is not apparent from the Plaintiffs' Petition for Damages. Plaintiff Beth Nelowet alleges that she slipped and fell in the Marriott's restroom, but only alleges general "diminished capacity in her body" and reduction in the enjoyment of life. It is unclear what Plaintiffs' physical and/or mental injuries are. Plaintiffs make allegations of "lost income" but not lost wages or loss of future earning capacity. Plaintiffs also allege past medical expenses are owed. The Petition is too vague to form an opinion on the amount in controversy.

Because it is not facially apparent from the petition that the amount in controversy exceeds $75,000, the district court shall consider the Plaintiffs' stipulation. A plaintiff may not defeat removal by subsequently changing his damage request. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). The Court finds that the Plaintiffs' stipulation in

this matter merely clarifies the amount in controversy at the time of the filing of the petition, and does not alter Plaintiffs' damage request. The stipulation is signed by Plaintiffs themselves; thus, it is binding upon them as well as their counsel. Moreover, Plaintiffs stipulate that they will not accept an award that exceeds $75,000 in any forum. The Court accepts the stipulation as conclusive evidence of the amount in controversy in this matter. Because the amount in controversy does not exceed $75,000, the case must be remanded to the Civil District Court for the Parish of Orleans, Louisiana.

### III. CONCLUSION

Accordingly, Plaintiffs' Motion to Remand is GRANTED. IT IS ORDERED that this matter is remanded to Civil District Court for the Parish of Orleans, State of Louisiana. The pretrial conference scheduled in this matter for Tuesday, January 17, 2006 at 1:30 p.m. and the trial scheduled for Monday, January 30, 2006 at 8:30 a.m. are hereby CANCELED.

New Orleans, Louisiana, this 17 day of January, 2006.

UNITED STATES DISTRICT JUDGE